| |
|---|
| **Matter of Espada (Espada)** |
| 2025 NY Slip Op 34351(U) |
| November 20, 2025 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2012-530/E |
| Judge: Hilary Gingold |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

ENTERED

NOV 2 0 2025

DATA ENTRY DEPT
New York County Surrogate's Court

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------x
Accounting by Sally Espada, as executor of

        DECISION & ORDER

        JOSE ESPADA,

        File No. 2012-530/E

        Deceased.
-------------------------------------------------------------------------x
G I N G O L D , S .

The following papers were read in determining this motion:

Papers Numbered

| | |
|---|---|
| Order to Show Cause dated April 24, 2025 – Affirmation of April Bowie, Esq. in Support dated April 24, 2025, and Exhibits | 1-3 |
| Affirmation of Paul Kerson, Esq. in Opposition dated September 29, 2025 and Exhibits | 4-5 |
| Reply Affirmations of April Bowie, Esq. dated November 3, 2025 and Exhibits | 6-7 |

In this contested accounting, April Bowie, Esq., moves by order to show cause to vacate a stipulation of settlement dated March 6, 2025, between petitioner Sally Espada, as executrix, and objectant Jose Lin Espada, and for a determination of the reasonable compensation due to her pursuant to SCPA 2110.

Background

Decedent died on December 17, 2011. In his will, which was admitted to probate on June 23, 2017, decedent's real property was to be held in trust for the equal benefit of his daughter Sally Espada and his son Jose Lin Espada, and the remainder of his estate was to be split equally between them. On November 13, 2013, petitioner, pursuant to this court's order, filed an intermediate account of her proceedings as preliminary executor of this estate, and Joyce Priveterre, Esq., appeared as guardian *ad litem* on behalf of one of the disabled distributees. Mr. Espada, the executrix's brother, filed objections to the accounting on April 17, 2024.

Petitioner then amended her pleadings multiple times and a supplemental citation was finally issued on October 9, 2024, with a return date of November 21, 2024. Ms. Bowie was included on the supplemental citation, as a creditor of the estate, and was served with process as evidenced by the affidavit of service dated November 20, 2024. Nevertheless, she failed to appear on the return date and has, to date, never filed objections to the accounting or a notice of appearance. The court then issued a scheduling order for the parties to complete discovery on Mr. Espada's objections, which was the only contested issue in this case. After extensive negotiations, the executrix and objectant reached a settlement in this matter, which was memorialized in a stipulation of settlement dated March 6, 2025.

Ms. Bowie now moves by order to show cause to vacate the stipulation of settlement, claiming that she is owed substantially more in legal fees for work in this estate. She also seeks an order determining her attorneys' fees pursuant to SCPA 2110. Objectant filed opposition to the motion, claiming that the estate never retained Ms. Bowie and that her claim is really an employment dispute with George T. Peters, Esq., the executrix's attorney. While it appears that the petitioner also filed opposition papers, via NYSCEF, these documents were rejected by the Miscellaneous Department, and she failed to cure this deficiency. Accordingly, the petitioner's opposition papers will not be considered.

Discussion

SCPA 302(1)(c) provides that "[u]nless otherwise provided in this act, an answer or objection shall be served upon the return of process or at such later date as directed by the court". Here, Ms. Bowie failed to appear or file objections to the accounting on the return date of November 21, 2024. As a result, the parties proceeded to resolve all the other issues between themselves. In her motion, Ms. Bowie has not offered a reasonable excuse for her failure to timely

2

appear or file objections. Having defaulted in this proceeding, Ms. Bowie cannot now be heard to complain that the case was resolved without her participation (SCPA 509 ["a petition, or account filed in a proceeding, unless denied by answer, objection or other proof, is due proof of the facts therein stated"]; *Matter of Mack*, NYLJ, Feb 27, 1998, at 1, col 3 [Sur Ct, Westchester County] [given creditor's default, the court was constrained to granting the relief requested in the petition]).

Likewise, Ms. Bowie's request for a court determination of her legal fees pursuant to SCPA 2110 must be denied. As an initial matter, under SCPA 2110(2), Ms. Bowie's request for relief must be filed by petition and cannot be determined on this motion. Further, while the Surrogate's Court undoubtably has broad discretion to fix her fees under SCPA 2110(1), the issue of Ms. Bowie's attorneys' fees is encompassed within the executrix's accounting, wherein Ms. Bowie is listed as a creditor of the estate. Ms. Bowie cannot evade her default in the accounting proceeding by seeking a separate determination of her legal fees.

Finally, the court must address an administrative issue regarding Joyce Priveterre, Esq., who was appointed as a guardian *ad litem* for Maria Espada-Santiago, a distributee alleged to be under disability. At the time of Ms. Priveterre's appointment, petitioner was accounting as preliminary executor and therefore all the decedent's distributees were joined as interested parties. Subsequently, petitioner received full letters testamentary, and thus Ms. Espada-Santiago is no longer an interested party in this proceeding and Ms. Priveterre must be relieved of her duties.

Accordingly, it is

ORDERED that the motion is denied; and it is further

ORDERED that Ms. Priveterre is relieved of her duties as guardian *ad litem* for Ms. Espada-Santiago in this proceeding and shall file and serve an affirmation of services within 30 days; and it is further

3

ORDERED that the parties shall settle decree providing for compensation of the guardian

*ad litem.*

Clerk to notify.

Dated: November 20 , 2025

_____
S U R R O G A T E

To:
George T. Peters, Esq.
1825 Park Avenue, Suite 1102
New York, New York 10035
917-204-6688
g.peters@nyattys1.com
*Attorney for petitioner*

Paul E. Kerson, Esq.
118-35 Queens Blvd, Suite 950
Forest Hills, New York 11375
718-793-8822
kersonpaul@aol.com
Attorney for objectant

Herbert Steinberg, Esq.
1129 Northern Blvd, Suite 402
Manhasset, New York 11030
718-563-2422
sa@lawsteinberg.com
Co-counsel for objectant

April D. Bowie, Esq.
315 Madison Avenue, Suite 901
New York, New York 10165
646-770-0140
adbowielaw@yahoo.com
Respondent/movant
Joyce Priveterre, Esq.
244 Fifth Avenue, Suite J233
New York, New York 10001
212-726-2847 (office)
347-683-3132 (cell)
Jcplaw96@bc.edu
Guardian *ad litem* for Maria Espada-Santiago

4

[* 4]